UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES of the GENERAL BUILDING
LABORERS' LOCAL 66 PENSION FUND,

                                    Plaintiffs,                      No.: _____

                         - against -

J.M.R. CONCRETE CORP.; J.M.R. CONCRETE OF
NEW YORK, CORP.; PIEDMONT REALTY LLC;
XYZ CORPORATIONS 1-10; and JOHN AND JANE
DOES 1-10,

                                    Defendants.
------------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the General Building Laborers' Local 66 Pension Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants J.M.R. Concrete Corp. ("J.M.R."), J.M.R. Concrete of New York, Corp., ("J.M.R. N.Y."), Piedmont Realty LLC ("Piedmont"), fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, allege as follows:

**I.    INTRODUCTION**

1.    This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of J.M.R.'s complete withdrawal from the Fund as of July 1, 2018.

2.    Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover J.M.R.'s allocated share of the Fund's unfunded vested benefits, liquidated damages, interest, and attorneys' fees and costs.

## II.  JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendants because J.M.R., J.M.R. N.Y., Piedmont, and upon information and belief, XYZ Corporations 1-10 and John and Jane Does 1-10 reside and do business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this district and because Defendants do business in this district.

## III.  PARTIES

6. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145.  The Fund is administered from 1600 Walt Whitman Road, P.O. Box 667, Melville, New York 11747.

7. Plaintiffs are the Trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. Upon information and belief, non-parties Manuel Ramos and Noemia Ramos are husband and wife, and pursuant to 26 U.S.C. § 1563(e)(5), their respective ownership interests in Defendants J.M.R., J.M.R. N.Y., and Piedmont are imputed to one another.

9. Defendant J.M.R. is a for-profit domestic corporations having its principal place of business at 375 Wyandanch Avenue, North Babylon, New York 11703.  Upon information and belief, Manuel Ramos is the sole owner of J.M.R.

10. Defendant J.M.R. N.Y. is a for-profit domestic corporations having its principal place of business at 375 Wyandanch Avenue, North Babylon, New York 11703. Upon information and belief, Noemia Ramos is the sole owner of J.M.R. N.Y.

11. Defendant Piedmont is a for-profit domestic corporations having its principal place of business at 375 Wyandanch Avenue, North Babylon, New York 11703. Upon information and belief, Noemia Ramos is the sole owner of Piedmont.

12. Defendants XYZ Corporations 1-10 are fictitious entities whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were trades or businesses under common control with J.M.R. within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

13. Defendants John and Jane Does 1-10 are fictitious individuals whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were sole proprietorships under common control with J.M.R. within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

### Withdrawal Liability Owed by J.M.R. to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

14. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

15. J.M.R. was party to a collective bargaining agreement (the "CBA") with the General Building Laborers' Local 66, with respect to which the Fund is a third-party beneficiary. Pursuant to the CBA, J.M.R. was required to remit contributions to the Fund on behalf of those employees covered by the CBA.

16. As of July 1, 2018, J.M.R. ceased all covered operations within the meaning of the CBA and/or ceased to have an obligation to contribute to the Fund, and therefore, completely withdrew from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

17. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated August 29, 2018, a true and correct copy of which is attached as **Exhibit A**, the Fund notified J.M.R. that it had effectuated a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a) as of July 1, 2018, and that its allocated share of the unfunded vested liabilities of the Fund was $309,013, which amount was payable in 44 monthly installments of $7,755.58 commencing on or before October 28, 2018.

18. After having not received the demanded payment, in accordance with ERISA § 4219(c)(2) to (6), 29 U.S.C. § 1399(c)(2) to (6), by certified letter dated December 17, 2018, a true and correct copy of which is attached as **Exhibit B**, the Fund notified J.M.R. that it was in default of its obligation to pay withdrawal liability, and offered it an opportunity to cure the default within sixty (60) days. The letter also notified J.M.R. that if it failed to timely cure the default, the Fund would elect to accelerate J.M.R.'s withdrawal liability and to assess interest on the total outstanding liability.

19. After having not received the demanded payment within sixty (60) days, by certified letter dated February 19, 2019, a true and correct copy of which is attached as **Exhibit C**, the Fund notified J.M.R. that it had failed to cure its default, and that the entire amount of its withdrawal liability, along with accrued interest, which amount totaled $309,475.16, was immediately due and owing.

20. J.M.R. has failed to remit any amounts in satisfaction of the withdrawal liability assessed by the Fund and has failed to request a review or initiate arbitration within the timeframes set forth in ERISA § 4221(a), 29 U.S.C. § 1401(a).

21. Because J.M.R. has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), it is liable to pay the accelerated amount of its withdrawal liability.

22. Plaintiffs demand judgment against J.M.R. for $309,013 for its allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by J.M.R. N.Y. to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

23. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

24. Upon information and belief, Noemia Ramos is the sole owner of J.M.R. N.Y.

25. Pursuant to the attribution rules set forth in 26 U.S.C. § 1563(e)(5), Manuel Ramos constructively owns his wife Noemia Ramos's 100% interest in J.M.R. N.Y., thereby giving him a controlling, 100% constructive ownership interest in J.M.R. N.Y.

26. J.M.R. and J.M.R. N.Y. are a brother-sister controlled group within the meaning of 26 U.S.C. § 1563(a)(2) and ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) because they are wholly owned by Manuel Ramos within the meaning of 26 U.S.C. § 1563(d)(2), (e)(5), and (e)(6)(B).

27. J.M.R. N.Y. is a trade or business that was under common control with J.M.R. at the time of J.M.R.'s complete withdrawal from the Fund, and therefore, pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), J.M.R. and J.M.R. N.Y. constitute a single employer for purposes of withdrawal liability.

5

28. As such, J.M.R. N.Y. is jointly and severally liable with J.M.R. for the withdrawal liability resulting from J.M.R.'s complete withdrawal from the Fund.

29. Plaintiffs, the Trustees of the Fund, demand judgment against J.M.R. N.Y. for $309,013 for J.M.R.'s allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Controlled Group Liability Owed by Piedmont to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

30. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

31. Upon information and belief, Noemia Ramos is the sole owner of Piedmont.

32. Pursuant to the attribution rules set forth in 26 U.S.C. § 1563(e)(5), Manuel Ramos constructively owns his wife Noemia Ramos's 100% interest in Piedmont, thereby giving him a controlling, 100% constructive ownership interest in Piedmont.

33. J.M.R. and Piedmont are a brother-sister controlled group within the meaning of 26 U.S.C. § 1563(a)(2) and ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) because they are wholly owned by Manuel Ramos within the meaning of 26 U.S.C. § 1563(d)(2), (e)(5), and (e)(6)(B).

34. Piedmont is a trade or business that was under common control with J.M.R. at the time of J.M.R.'s complete withdrawal from the Fund, and therefore, pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), J.M.R. and Piedmont constitute a single employer for purposes of withdrawal liability.

35. As such, Piedmont is jointly and severally liable with J.M.R. for the withdrawal liability resulting from J.M.R.'s complete withdrawal from the Fund.

36. Plaintiffs, the Trustees of the Fund, demand judgment against Piedmont for

6

$309,013 for J.M.R.'s allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

### COUNT IV

**Controlled Group Liability Owed by XYZ Corporations 1-10 to the Fund
Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)**

37. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

38. As of July 1, 2018, fictitious entities XYZ Corporations 1-10 were trades or businesses under common control with J.M.R. within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

39. As such, XYZ Corporations 1-10 are jointly and severally liable with J.M.R. for the withdrawal liability resulting from J.M.R.'s complete withdrawal from the Fund.

40. Plaintiffs demand judgment against XYZ Corporations 1-10 for $309,013 for J.M.R.'s allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

### COUNT V

**Controlled Group Liability Owed by John and Jane Does 1-10 to the Fund
Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)**

41. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

42. As of July 1, 2018, fictitious individuals John and Jane Does 1-10 were sole proprietorships under common control with J.M.R. within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

43. As such, John and Jane Does 1-10 are jointly and severally liable with J.M.R. for the withdrawal liability resulting from J.M.R.'s complete withdrawal from the Fund.

44. Plaintiffs, the Trustees of the Fund, demand judgment against John and Jane Does 1-10 for $309,013 for J.M.R.'s allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

Dated: March 1, 2019
Newark, New Jersey

**PROSKAUER ROSE LLP**

By: */s/ Neil V. Shah*
Neil V. Shah

One Newark Center
1085 Raymond Boulevard
Newark, New Jersey 07102
(973) 274-3205
nshah@proskauer.com

Anthony S. Cacace
Eleven Times Square
New York, NY 10036
(212) 969-3307
acacace@proskauer.com

*Counsel for the Plaintiffs*